J-S28014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| BRENT BROWN | : | |
| | : | |
| Appellant | : | No. 316 EDA 2021 |

Appeal from the PCRA Order Entered January 7, 2021
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0231341-1986

BEFORE:   BOWES, J., DUBOW, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BOWES, J.:                    Filed: October 13, 2021

Brent Brown appeals from the order dismissing, as untimely, his third petition pursuant to the Post Conviction Relief Act ("PCRA").  We affirm.

In 1975, Appellant pled guilty to committing third-degree murder and was sentenced to serve six to twenty years of imprisonment.  At the time of his offense in 1975, Appellant was eighteen years old.  Approximately eleven years later, Appellant stabbed Marvin Sharps outside a bar in Philadelphia.  In 1988, after proceeding to a non-jury trial, the trial court found Appellant guilty of third-degree murder and possessing an instrument of crime ("PIC").  Since Appellant had a prior third-degree murder conviction, the trial court imposed a mandatory sentence of life without the possibility of parole ("LWOP")

_____

[*] Retired Senior Judge assigned to the Superior Court.

pursuant to 42 Pa.C.S. § 9715.[1]  Appellant also received a concurrent one to two years of incarceration for the PIC conviction.

Appellant filed a timely direct appeal.  A prior panel of this Court affirmed Appellant's judgment of sentence, and our Supreme Court denied Appellant's petition for allowance of appeal.  *See Commonwealth v. Brown*, 555 A.2d 242 (Pa.Super. 1988) (unpublished memorandum), *appeal denied*, 565 A.2d 1165 (Pa. 1988).

In 1990, Appellant filed a timely *pro se* PCRA petition.  Ultimately, Appellant's appointed PCRA counsel filed a "no merit letter" and petitioned the court to withdraw pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).  After conducting an independent review, the PCRA court entered an order granting counsel's petition to withdraw and dismissed Appellant's PCRA petition as frivolous.  On June 4, 1991, a prior panel of this Court affirmed the denial of PCRA relief.  *See Commonwealth v. Brown*, 596 A.2d 249 (Pa.Super. 1990) (unpublished memorandum).

Over thirteen years later, on December 23, 2004, Appellant filed a second *pro se* PCRA petition claiming that his sentence was illegal because the trial court misled him during his jury-trial waiver colloquy.  The PCRA court dismissed Appellant's second petition as untimely, and we affirmed the denial

---

[1] "[A]ny person convicted of murder of the third degree in this Commonwealth who has previously been convicted at any time of murder or voluntary manslaughter in this Commonwealth . . . shall be sentenced to life imprisonment . . ."  42 Pa.C.S. 9715(a).

- 2 -

of PCRA relief. ***See Commonwealth v. Brown***, 935 A.2d 5 (Pa.Super. 2007) (unpublished memorandum).

On August 16, 2012, Appellant filed his third *pro se* PCRA petition. On November 10, 2020, the PCRA court provided Appellant with Rule 907 notice that it intended to dismiss his petition as untimely.[2] On January 7, 2021, the PCRA court dismissed the petition as untimely. This timely appeal followed.

Appellant presents the following issues for our review:

1. Mandatory [LWOP] term under 42 Pa.C.S. [§] 9715 is unconstitutional and violates State and Federal Equal Protection clauses, as well as Article 7 of the Universal Declaration of Human Rights, where [first] offense occurred turning [eighteen] years of age, and second offense occurred at age [twenty-nine] while defending himself.

2. Mandatory [LWOP] term for individuals for [first] offense over age [seventeen] but below age [twenty-five], and for second offense age [twenty-nine] violates the Eighth Amendment, Article [five] of the Universal declaration of Human rights, as well as Article I, sec. 13 of the Pennsylvania constitution.

3. Should [Appellant's] current [LWOP] sentence be vacated and remanded, because Appellant's age at time of first offense was [eighteen] rendering it unconstitutional to apply second offense at age [twenty-nine] under 42 Pa.C.S. [§] 9715.

Appellant's brief at 3-4, 6.

We begin with the pertinent legal principles. Our "review is limited to the findings of the PCRA court and the evidence of record" and we do not

---

[2] The certified record does not indicate the reason for the eight year delay between the filing of Appellant's PCRA petition and the PCRA court's issuance of the Rule 907 notice.

"disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error." ***Commonwealth v. Rykard***, 55 A.3d 1177, 1183 (Pa.Super. 2012). Similarly, "[w]e grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions." ***Id***. "[W]here the petitioner raises questions of law, our standard of review is *de novo* and our scope of review is plenary." Finally, we "may affirm a PCRA court's decision on any grounds if the record supports it." ***Id***.

Pursuant to the PCRA, any petition "including a second or subsequent petition, shall be filed within one year of the date the judgment [of sentence] becomes final[.]" 42 Pa.C.S. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9543(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017); ***See Commonwealth v. Jones***, 932 A.2d 179, 182 (Pa.Super.2007) (where petitioner files an untimely PCRA petition raising a legality of sentence claim, the jurisdictional limits of the PCRA render the claim incapable of review).

The time bar can "only be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S. § 9545(b)(1)(i)-(iii)." *Id*. The three narrow exceptions to the one-year time bar are as follows: "(1) interference by governmental officials in the presentation of the claim; (2) newly-discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-34 (Pa.Super. 2012). Additionally, Appellant was required to present the exception within sixty days of the date the claim first could have been presented. 42 Pa.C.S. § 9545(b)(2).[3]

There is no question that the instant petition is untimely on its face. However, Appellant avers that he can overcome the PCRA time bar by the application of the newly-recognized constitutional right exception. ***See*** Appellant's brief at 3. Appellant argues that the United States Supreme Court's decision in ***Miller v. Alabama***, 567 U.S. 460 (2012), which was made retroactive by ***Montgomery v. Louisiana***, 577 U.S. 190 (2016), warrants relief. Although he was twenty-nine years old at the time of the instant offense, Appellant contends that the use of a predicate third-degree murder

---

[3] Effective December 24, 2018, the legislature amended 42 Pa.C.S. § 9545(b)(2) to give petitioners one year to present their claim. ***See*** 42 Pa.C.S. § 9545(b)(2) (effective December 24, 2018). However, the amendment only applies to "claims arising on [December] 24, 2017 or thereafter." ***See id***. at Comment. Appellant filed his current petition in 2012; thus, the amendment does not apply to Appellant's claim.

conviction to form the basis for the imposition of LWOP pursuant to 42 Pa.C.S. § 9715(a) violated *Miller*. *See* Appellant's brief at 4.

The PCRA court concluded that Appellant was not entitled to relief under these decisions because Appellant was twenty-nine and eighteen years of age when he committed his respective murders that qualified him for a mandatory life sentence under § 9715(a), and *Miller*'s holding applies only to those defendants who were under the age of eighteen at the time of their crimes. *See* PCRA Court Opinion, 1/7/21. We agree with the PCRA court's determination.

By his own admission, Appellant was eighteen at the time of the first crime and twenty-nine when he committed the second. *See* Appellant's brief at 1. Nevertheless, relying on neuroscientific theories, Appellant contends that *Miller* should be extended to individuals such as himself on the basis that he had just turned eighteen at the time of his first murder. Therefore, his brain was not yet fully formed. *Id*. at 4. Such an argument falls outside the scope of *Miller* and does not meet the exception to the PCRA time bar.

We have consistently held that "age is the sole factor in determining whether *Miller* applies to overcome the PCRA time-bar" and have "declined to extend [*Miller*'s] categorical holding." *Commonwealth v. Lee*, 206 A.3d 1, 11 (Pa.Super. 2019) (*en banc*); *see also Commonwealth v. Furgess*, 149 A.3d 90, 91-94 (Pa.Super. 2016) (rejecting a nineteen-year-old defendant's claim that *Miller* allowed him to overcome the PCRA time bar

because he was a "technical juvenile" based on neuroscientific theories pertaining to immature brain development).  Accordingly, Appellant's claim that the right created in *Miller*/*Montgomery* applies to his case is meritless. The PCRA court properly found that Appellant's petition was untimely because he failed to establish a statutory exception to the time bar.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/13/21